UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACY GARRETT,

    Petitioner,

v.                                                       CASE NO. 6:10-cv-1796-Orl-31KRS
                                                         (6:08-cr-21-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**

This case is before the Court on the second amended motion to vacate, set aside, or correct an illegal sentence (Doc. No. 48) filed by Tracy Garrett pursuant to 28 U.S.C. § 2255. The Government filed a response (Doc. No. 59) and a supplemental response (Doc. No. 66) to the second amended section 2255 motion, and Petitioner filed replies to the responses (Doc. Nos. 60, 64 and 72 ).

Petitioner alleges five claims for relief in his motion: first, trial counsel was ineffective by failing to properly argue that the search of the home was invalid; second, trial counsel was ineffective by failing to challenge a charging affidavit that was entered in his state court criminal proceedings; third, trial counsel was ineffective by failing to obtain the video of the carjacking and to subpoena a certain witness; fourth, trial counsel

was ineffective by failing to raise an earlier motion to suppress so that it could have been heard on appeal; and fifth, he received ineffective assistance of appellate counsel.

I.      *Procedural History*

Petitioner was charged by indictment with two counts of carjacking (counts one and three), two counts of bank robbery (counts two and four), and two counts of using and carrying a firearm during and in relation to and possessing a firearm in furtherance of the carjackings (counts five and six)(Criminal Case No. 6:08-cr-21-Orl-31KRS, Doc. No. 1, filed July 17, 2002).[1] Petitioner subsequently entered a plea of guilty to counts one through four of the indictment. Petitioner entered his plea of guilty before Magistrate Judge Karla R. Spaulding, who filed a Report and Recommendation Concerning Plea of Guilty recommending that the plea of guilty be accepted and that Petitioner be adjudicated guilty and have sentence imposed accordingly (Criminal Case Doc. No. 88, filed February 23, 2009).

On March 5, 2009, this Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the guilty pleas were accepted and Petitioner was adjudged guilty of counts one through four (Criminal Case Doc. No. 91). A bench trial was scheduled for counts five and six.

Petitioner then moved to withdraw his plea of guilty as to counts one and three (Criminal Case Doc. No. 102), and the Court subsequently entered an Order granting the

---

[1] Hereinafter Criminal Case No. 6:08-cr-21-Orl-31KRS will be referred to as "Criminal Case."

motion and amending the Order Accepting Report and Recommendation to reflect that Petitioner was adjudicated guilty of counts two and four only (Criminal Case Doc. No. 114). A jury trial was set for counts one, three, five, and six.

A jury trial was then held, and Petitioner was found guilty as to counts one, three, five, and six (Criminal Case Doc. No. 158). The Court entered a Judgment In A Criminal Case in which Petitioner was adjudicated guilty of counts one through six and sentenced to imprisonment for a total term of 480 months (Criminal Case Doc. No. 171). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which entered a written, unpublished opinion affirming the convictions and sentences (Criminal Case Doc. No. 198).

## II. Analysis

### A. Claim One

Petitioner argues in claim one that trial counsel was ineffective by failing to properly argue that the search of the home was invalid. In particular, he asserts that Tiffany Reed did not have standing to give the law enforcement officers consent to enter the residence and to conduct a search for evidence and that counsel should have obtained a copy of Ms. Reed's rental agreement to verify that she lived at the home.

Petitioner was initially represented by the Federal Public Defender, which later was permitted to withdraw as counsel. *See* Criminal Case Doc. No. 72. Jonathan Rose was then appointed as counsel for Petitioner, but the Court later allowed him to withdraw as counsel. *See* Criminal Case Doc. No. 94. Michael Nielsen was then appointed as counsel for Petitioner, and he represented Petitioner at trial.

3

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

Mr. Nielsen specifically argued that "the consent to enter the home to retrieve Mr. Garrett was illegal, in violation of his Fourth Amendment right concerning search and seizure . . . ." *See* Doc. No. 177 at 301. The Court held a hearing on the suppression issue, and Detective Jason Sams testified that a woman named Tiffany Reed showed up at the house, claimed ownership of the residence, produced a driver's license showing the address was her residence, told Detective Sams the home should be empty, and signed a consent form authorizing the police to search the home. *See* Doc. No. 177 at 306, 308.[3]

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

[3]The Court ultimately found that the search of the house was consensual and legal. *Id*. at 309, 333.

There is nothing in the record to suggest that Detective Sams did not have a good faith belief that Ms. Reed lived in the home and that she had the authority to consent to the search. Thus, the search of the home was valid.

The Court notes that, aside from vague allegations, Petitioner fails to demonstrate that a rental agreement existed. In any event, even if a rental agreement existed, he has not shown that such an agreement would have legally undermined Detective Sams' belief that Ms. Reed had the authority to consent to the search. The existence of a lease agreement would not have negated the legality of the consent and subsequent search of the home.

Moreover, the Court held a hearing on the suppression issue, and Mr. Nielsen examined witnesses and presented argument thereon. The Court finds that counsel did not act deficiently with regard to this issue, and there has been no showing of prejudice. Thus, this claim is denied.[4]

B.  *Claim Two*

Petitioner states that trial counsel was ineffective by failing to challenge a charging affidavit that was entered in his state court criminal proceedings. He states that the affidavit "was not a binding document and court was stopped because the prison transport Jurat was not attached and the form itself was not signed or sworn at the bottom of the

---

[4]Petitioner appears to also argue cursorily that he is entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150, 153 (1972). The Court finds that Petitioner has failed to demonstrate any of the elements entitling him to relief based on either *Brady* or *Giglio*.

form." *See* Doc. No. 48 at 13. As a result, Petitioner asserts that the "[p]hone call should not be admissible in trial." *Id*.

The Jurat refers to the Prisoner Transport Jurat prepared by the Orange County Sheriff's Office. Petitioner attached copies of Jurats filed against him relating to the charges of carjacking and robbery. In these Jurats, Detective Sams affirmed that probable cause had been established to believe that Petitioner committed the offenses as detailed on the charging affidavit.

Petitioner appears to assert that, because the Jurat was improper, his detention was illegal and the jail tapes that led to his conviction should have been suppressed. Aside from vague and conslusory allegations, Petitioner has failed to demonstrate that the charges against him should have been dismissed based on a defective Jurat that was entered in the state court criminal proceedings. Petitioner also fails to make clear when and where Petitioner's counsel in these federal proceedings should have raised an argument with regard to his state court criminal proceedings, particularly when he was represented by the state public defender in those proceedings. In any event, Petitioner was charged by indictment in these proceedings, and he has not alleged that it was in any manner defective. Consequently, the Court finds that counsel did not act deficiently with regard to this matter, and there has been no showing of prejudice. As such, this claim is denied.

C.     *Claim Three*

Petitioner argues that trial counsel was ineffective by failing to obtain the videotape of the carjacking and to subpoena a certain witness.

Petitioner asserts that counsel should have obtained a videotape from the CVS store where the carjacking occurred. However, aside from vague and conclusory allegations, Petitioner presents no evidence that a videotape of the carjacking exists. On the other hand, Mr. Nielsen filed an affidavit in which he stated that the Government advised him (counsel) that "they did not have a video." *See* Doc. No. 59, Affidavit of Michael W. Nielsen at 1. Mr. Nielsen believed what the Government told him regarding the videotape, and he relayed that information to Petitioner. *Id*.

Petitioner also asserts that Mr. Nielsen should have called Jose Vacilo as a witness at trial. According to Petitioner, Mr. Vacilo saw Petitioner with a different colored gun than described by the carjacking victim, and, therefore, his testimony would have been beneficial. However, as noted by Mr. Nielsen in his affidavit, Mr. Vacilo's testimony would not have been helpful because it would have corroborated that Petitioner was in possession of a firearm during the carjacking. *Id*. at 1-2. The color of the gun would have been immaterial to Petitioner's conviction.

Petitioner further argues that he is entitled to relief under *Brady* because the "T-shirt on the photo that was used in trial *is not* the same T-shirt that was supposed to be in evidence." *See* Doc. No. 60 at 7. According to Petitioner, the shirt in the photograph was never provided to counsel during discovery.

7

> Under *Brady*, the petitioner must demonstrate the following:
>
> (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

*United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir. 1989). Petitioner attached to his reply a copy of a lab report that mentions two black t-shirts; thus, it does not appear that the Government suppressed this evidence. In any event, even assuming this evidence was not revealed to Petitioner's counsel, in light of Ms. Haskins' identification of Petitioner at trial, the Court finds that there was no reasonable probability that the outcome of the proceedings would have been different.

Under the circumstances, with regard to his ineffective assistance of counsel allegations, the Court finds that Petitioner has failed to demonstrate that trial counsel acted deficiently or that he sustained prejudice. The Court finds that the remaining allegations are without merit. Consequently, this claim is denied.

### D. Claim Four

Petitioner states that trial counsel was ineffective by failing to raise an earlier motion to suppress so that it could have been considered on appeal. Petitioner's prior counsel, Steven Langs, filed various pre-trial motions, including motions in limine (Criminal Case Doc. Nos. 24, 28, & 30), a motion to sever offenses (Criminal Case Doc. No. 22), a motion to dismiss counts five and six (Criminal Case Doc. No. 23), and a motion to suppress

(Criminal Case Doc. No. 29). The Court held a hearing on the motions, and they were all denied without prejudice. *See* Criminal Case Doc. No. 43. Petitioner appears to argue that Mr. Nielsen should have re-asserted the motion to suppress. Petitioner also argues that Mr. Nielsen was ineffective for failing to request that the Court bar witnesses for the Government from the courtroom.

The motion to suppress filed by Mr. Langs requested that the Court suppress photographic lineup evidence. At trial, prior to the testimony of the Government's first witness, Dawne Haskins n/k/a Dawne Vickers, Mr. Nielsen objected to the admission of the photographic lineup, and the Court denied the objection. *See* Criminal Case Doc. No. 177 at 143-44. Ms. Haskins subsequently testified that she was 110% sure that the person in the photographic lineup was the same person who attacked her. *Id.* at 164. During Ms. Haskins' testimony, Mr. Nielsen renewed his objection to the admission of the photographic lineup, and the renewed objection was overruled. *Id.* at 163. Thus, the record reflects that Mr. Nielsen did raise objections to the photographic lineup.

The Court also notes that Mr. Nielsen filed several pre-trial motions and presented several motions and evidentiary objections during trial. For example, he filed a motion to limit the Government's opening statement and to redact the jailhouse calls. *See* Criminal Case Doc. Nos. 127 & 128. During jury selection, Mr. Nielsen moved to strike the entire jury venire. *See* Criminal Case Doc. No. 176 at 30-31. Mr. Nielsen later renewed that motion and his motion to sever counts. *Id.* at 86-87, 108. In addition, after Ms. Haskins testified, Mr. Nielsen moved to suppress the evidence that officers had seized during the

9

search of the residence where Petitioner was arrested. *See* Criminal Case Doc. No. 177 at 300-01. The Court denied the motion after conducting a hearing on the matter. *Id*. at 309. The record reveals that Mr. Nielsen's conduct was reasonable with regard to this matter, and there has been no showing of prejudice.

Likewise, Petitioner's claim that Mr. Nielsen was ineffective for failing to sequester witnesses is without merit. After Ms. Haskins testified, Mr. Nielsen invoked the rule to sequester witnesses. *See* Criminal Case Doc. No. 176 at 182-83. There is no record as to which witnesses were actually in the courtroom during Ms. Haskins' testimony. Petitioner "must at least point to some particular witness whose testimony could have been affected by listening to other witnesses and who therefore might have prejudiced the outcome of his case." *Kamen v. United States*, 124 F. Supp. 2d 603, 607 (M.D. Tenn. 2000). As a result, Petitioner is unable to demonstrate how he was actually prejudiced with regard to this matter, and his ineffective assistance of counsel claim with regard to this matter is without merit.

E.     **Claim Five**

Petitioner asserts that he received ineffective assistance of appellate counsel because of the following: 1) counsel failed to argue that the waiver regarding the consent to search the house was "tainted"; 2) counsel failed to argue that the videotape of the carjacking demonstrated that Petitioner was not guilty of the crimes; 3) counsel raised the "issue of surveillance when in fact that was not an issue," *see* Doc. No. 48 at 21; 4) counsel should have raised the denial of the pre-trial motions as grounds on appeal; and 5) counsel should

have argued that it was improper for the Government to provide evidence of the jail telephone calls under Federal Rule of Criminal Procedure 404(b).

The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

   1.   *Issue One*

Petitioner asserts that appellate counsel failed to argue that the waiver regarding the consent to search the house was "tainted." As discussed with regard to claim one, the search of the home was valid, and counsel did not act unreasonably by failing to raise this claim on direct appeal. In addition, Petitioner has not shown prejudice with regard to this issue.

   2.   *Issue Two*

Petitioner states that appellate counsel failed to argue that the videotape of the carjacking demonstrated that Petitioner was not guilty of the crimes. However, as discussed with regard to claim three, there is no evidence that such a videotape exists, and counsel did not act unreasonably by failing to raise this claim on direct appeal. In addition, Petitioner has not shown prejudice with regard to this issue.

3. *Issue Three*

Petitioner contends that counsel raised the "issue of surveillance when in fact that was not an issue." According to Petitioner, appellate counsel did not properly argue that law enforcement violated his Fourth Amendment rights due to the lack of a search warrant.

Appellate counsel argued that, during the eight-hour surveillance on the home, law enforcement had ample opportunity to apply for, and receive, a search warrant. The Court finds that appellate counsel's argument with regard to this issue was reasonable. Although the argument did not succeed, appellate counsel presented a thorough analysis of the issue to the appellate court. In addition, Petitioner has not shown prejudice with regard to this issue.

4. *Issue Four*

Petitioner states that counsel should have raised the denial of the pre-trial motions as grounds on appeal. This issue is without merit because Petitioner has failed to demonstrate that the Court's ruling on any of the pre-trial motions was erroneous. Aside from vague and conclusory allegations, Petitioner fails to demonstrate that any of the Court's rulings on his pre-trial motions would have been viable issues on appeal. As such, Petitioner has not shown that his appellate counsel acted deficiently or that he sustained prejudice.

*5.     Issue Five*

Petitioner states that appellate counsel should have argued that it was improper for the Government to provide evidence of the jail telephone calls under Federal Rule of Criminal Procedure 404(b).

The Government provided a disclosure packet to Mr. Langs in which the Government indicated, among other matters, that it intended to introduce Rule 404(b) evidence regarding prior actions by Petitioner.[5] The evidence included Petitioner's involvement with cocaine distribution, a prior conviction for being a felon in possession of a firearm, evidence that he hid his cell phone from police upon arrest, and his statement that, before being arrested, "he planned to come out shooting." *See* Criminal Case Doc. No. 24 at 1. Mr. Langs filed a motion to exclude Rule 404(b) evidence (Criminal Case Doc. No. 24). The Government filed a response arguing that, with the exception of the prior firearm conviction, the evidence specified in the disclosure packet was admissible under Federal Rule of Evidence 401 because it was obtained from recorded telephone calls at the Orange

---

[5]Federal Rule of Evidence 404(b) provides that

> evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent preparation plan, knowledge, identity, or absence of mistake or accident.

13

County Jail.[6] According to Petitioner, the Government introduced this evidence under Rule 404(b), which was improper.

Appellate counsel did argue on appeal that the Court erred by admitting, at trial, testimony under Rule 404(b) concerning the bank robbery charges and evidence of telephone calls that Petitioner made from the jailhouse after his arrest. The Court finds that appellate counsel's argument with regard to this issue was not deficient and that, in any event, Petitioner had neither a subjective, or objectively reasonable, expectation of privacy with regard to his telephone calls from the jailhouse. As a result, this issue is without merit.

    6.    *No Showing that Appellate Counsel Acted Deficiently or that Petitioner Sustained Prejudice*

The record reflects that Petitioner's appellate counsel raised five issues on direct appeal. Petitioner's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued. Certainly, the record clearly evinces the thoroughness and reasonableness of appellate counsel's work. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). The fact that other issues might have succeeded in the appellate court

---

[6]Federal Rule of Evidence 401 provides that,

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

14

"does not lead automatically to the conclusion that [Petitioner] was deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933, at *4 (6th Cir. February 24, 1994) (unpublished opinion). As discussed by the district court in *Richburg v. Hood*, 794 F. Supp. 75 (E.D.N.Y. 1992),

> [T]he court simply notes that the decision of appellate counsel to choose among plausible options of appellate issues is preeminently a strategic choice and is "virtually unchallengeable." The petitioner has not even undertaken to demonstrate that the decision of his attorney not to raise this issue constituted an "unprofessional error" or that such error prejudiced his appeal.

*Id.* at 78. In this case, the Court finds that appellate counsel's decision not to pursue the other issues identified by Petitioner was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed. *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.")(citations omitted); *Carlos v. Cruz*, No. CV 96-5209 (RED), 1997 WL 269591, at *4 (E.D.N.Y. April 21, 1997) ("On appeal, counsel is not required to argue every non-frivolous issue; rather, the better strategy may be to focus on a few more promising issues so as not to dilute the stronger arguments with a multitude of claims"; moreover, the Court must not second-guess the reasonable decisions of appellate counsel to press certain issues instead of others, and the lack of

success on appeal is not a basis to impugn appellate counsel's reasonable choices or performance).

Accordingly, in light of 1) the discretion afforded to appellate counsel in selecting those issues most promising for review, and 2) Petitioner's failure to demonstrate that these other issues would have been viable on appeal, the Court finds that appellate counsel's performance was not deficient and that Petitioner has not demonstrated prejudice. Hence, this claim is without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Tracy Garrett (Doc. No. 48) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number .

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 210) filed in criminal case number 6:08-cr-21-Orl-31KRS.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[7] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 17th day of July, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 7/17
Tracy Garrett
Counsel of Record

---

[7]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.